**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/03/2025
```

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

-against-

AKSHAY KAMBOJ and DEV KAMBOJ,

Defendants.

1:24-cv-07319 (GHW)

<u>**DEFAULT JUDGMENT AS TO**</u>
<u>**DEFENDANTS AKSHAY KAMBOJ AND DEV KAMBOJ**</u>

**WHEREAS**, the Court has reviewed the application by Plaintiff Securities and Exchange Commission (the "Commission") for a default judgment against Defendants Akshay Kamboj and Dev Kamboj (collectively, "Defendants") — including the Declarations of Christopher J. Dunnigan and Melissa Coppola and the exhibits thereto (the "Application"); the Clerk of the Court has entered a Certificate of Default as to Defendants (Dkt. No. 22); the Court entered an Order to Show Cause on  September 29, 2025, requiring Defendants to appear before this Court on  October 20, 2025, to show cause, if any exists, why a default judgment should not be entered against the Defendants; the Court adjourned the Order to Show Cause to December 3, 2025; and Defendants failed to appear at the appointed date and time; **NOW, THEREFORE**, for good cause shown:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commission's Application for a default judgment against Defendants is GRANTED for the reasons set forth on the record in the hearing held on December 3, 2025.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in or offering of securities,

(B) the registration status of such offering or of such securities,

(C) the prospects for success of any product or company,

(D) the use of investor funds,

(E) the misappropriation of investor funds or investment proceeds, or

(F) his role or involvement in any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either

3

orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in or offering of securities,

(B) the registration status of such offering or of such securities,

(C) the prospects for success of any product or company,

(D) the use of investor funds,

(E) the misappropriation of investor funds or investment proceeds, or

(F) his role or involvement in any company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement in the amount of $240,076.21, pursuant to Sections 21(d)(3), 21(d)(5), and 21(d)(7) of the Exchange Act [15 U.S.C. §§ 78u(d)(3), 78u(d)(5), and 78u(d)(7)], together with prejudgment interest thereon in the amount of $28,587.19 for a total of $268,663.40. Defendants shall satisfy this obligation by paying $268,663.40 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Akshay Kamboj is liable for a civil penalty in the amount of $472,902, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Akshay Kamboj shall satisfy this obligation by paying $472,902 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Dev Kamboj is liable for a civil penalty in the amount of $472,902, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Dev Kamboj shall satisfy this obligation by paying $472,902 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

**VII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DEFREED that Defendants shall make the payments ordered in paragraphs IV. through VI., above, by any of the following means: Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Blvd.
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

6

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are deemed true as to the Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Defendants of the

federal securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: December 3, 2025
        New York, New York

HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE